IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Case No. 16-cv-01543-CMA
Criminal Case No. 13-cr-00349-CMA-02

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

DENIS VOLKOV,

    Defendant-Movant.

___

**ORDER DENYING DEFENDANT'S MOTION TO VACATE AND GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION**
___

This matter comes before the Court upon Defendant Denis Volkov's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Section 2255") (Doc. # 154) and his Motion for Reconsideration of the Court's Order Denying his Motion to Withdraw as Counsel (Doc. # 197). For the following reasons, the Court DENIES Mr. Volkov's Motion to Vacate Sentence Pursuant to Section 2255 (Doc. # 154), GRANTS his Motion for Reconsideration (Doc. # 197), VACATES its April 26, 2018 Order Denying the Motion to Withdraw as Counsel (Doc. # 192), and GRANTS the Motion to Withdraw as Attorney (Doc. # 190).

### I.    BACKGROUND

On August 20, 2013, Mr. Volkov was charged by indictment with two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and two counts of carrying,

possessing, and brandishing a firearm during and in relation to and in furtherance of armed bank robbery in violation of 18 U.S.C. § 924(c). On April 23, 2014, Mr. Volkov pleaded guilty to an information charging one count of brandishing a firearm during and in retaliation to and furtherance of a crime of violence as well as aiding and abetting in the same, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. (Doc. # 103.) The crime of violence in which he brandished the firearm was armed bank robbery. As a result of Mr. Volkov's conviction under Section 924(c), this Court imposed the statutory mandatory minimum sentence of imprisonment of seven years (84 months). *See* (Doc. # 146.)

On June 20, 2016, Mr. Volkov, represented by the Federal Public Defender, filed the instant Motion to Vacate Sentence Pursuant to Section 2255, asserting that he is entitled to relief under *Johnson v. United States,* 135 S. Ct. 2551 (2015), because the Supreme Court found the residual clause of the Armed Career Criminal Act § 924(e)(2)(B) to be unconstitutionally vague. Mr. Volkov argues that the unconstitutional residual provision in *Johnson* is the same as the residual clause found in Section 924(c)(3)(B). (Doc. # 154.)

First, Mr. Volkov asserts that aiding and abetting a federal bank robbery does not qualify as a crime of violence under the elements clause in Section 924(c)(3)(A). (*Id.* at 2–9.) He therefore reasons that his Section 924(c) conviction is based on that statute's residual clause (Section 924(c)(3)(B)). Second, Mr. Volkov contends that *Johnson* invalidates Section 924(c)(3)(B)'s residual clause as unconstitutionally vague. (*Id.* at 9–12.) He therefore asks the Court to vacate his conviction under Section 924(c). (*Id.* at 12.)

2

The Government responded to Mr. Volkov's Motion to Vacate Sentence Pursuant to Section 2255 on November 23, 2016. (Doc. # 179.) Mr. Volkov replied in support of his Motion on December 24, 2016. (Doc. # 185.)

## II. DEFENDANT'S MOTION TO VACATE

Mr. Volkov's argument can be summarized as follows:

1. bank robbery is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3)(A);
2. thus, his aiding and abetting conviction was necessarily based on the residual clause contained in Section 924(c)(3)(B);
3. the residual clause was invalidated by the Supreme Court's 2015 decision in *Johnson*;
4. therefore, his conviction under the residual clause is in violation of *Johnson v. United States* and must be vacated because it violates his due process rights.

For purposes of 18 U.S.C. § 924(c)(1), the term "crime of violence" has two definitions. First, 18 U.S.C. § 924(c)(3)(A)— the "elements" clause—includes in the definition any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Second, 18 U.S.C. § 924(c)(3)(B)—the "residual clause" clause—includes in the definition any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *United States v. Wade*, 719 F. App'x 822, 825–26 (10th Cir. 2017).

As an initial matter, the Court addresses Mr. Volkov's argument that "aiding and abetting" an armed bank robbery does not qualify as a violent felony predicate offense to his Section 924(c)(1)(A) conviction. 18 U.S.C. § 2 provides, "whoever commits an offense against the United States or aids, [or] abets . . . is punishable as a principal."

"To be liable for aiding and abetting, a defendant must (1) willfully associate himself with the criminal venture, and (2) seek to make the venture succeed through some action of his own." *United States v. Bowen*, 527 F.3d 1065, 1078 (10th Cir. 2008). When Mr. Volkov pleaded guilty to both armed robbery and aiding and abetting, he admitted that (1) he intentionally committed the crime of armed bank robbery, and (2) he used or carried a firearm during and in relation to the bank robbery. (Doc. # 103 at 1–5.) Therefore, Mr. Volkov is punishable as though he had committed the armed robbery himself.

Next, the Court addresses whether armed bank robbery is a predicate offense. Mr. Volkov's argument fails in light of the Tenth Circuit's recent decisions. Of chief importance is the Tenth Circuit's holding in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017) (overruling *United States v. Rodriguez-Enriquez*, 518 F.3d 1191,1194 (10th Cir. 2008)). *Ontiveros* held that any offense that requires a defendant to cause, attempt to cause, or threaten to cause physical pain or injury qualifies as a violent felony predicate offense. 875 F.3d at 538. The assumption on which Mr. Volkov's argument rests—that the elements clause of Section 924(c) does not apply to his predicate offense of armed bank robbery—is without merit subsequent to *Ontiveros*. *See United States v. Higley*, 726 F.

App'x 715, 717 (10th Cir. 2018) (holding that [defendant's] "conviction for armed bank robbery nonetheless constitutes a "crime of violence" under the alternate, elements-based definition in § 924(c)(3)(A).").

Further, because Mr. Volkov's conviction is a "crime of violence" under Section 924(c)(3)(A), the Court does not need to address the unconstitutional residual clause found in Section 924(c)(3)(B). *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018) (finding "Section 924(c)(3)(B) is . . . unconstitutionally vague.").

Mr. Volkov therefore has no claim to habeas relief based on *Johnson*. Accordingly, the Court denies his Motion to Vacate Sentence Pursuant to Section 2255. (Doc. # 154.)

## I.    <u>CONCLUSION</u>

For these reasons, the Court ORDERS as follows:

1. Defendant's Motion to Vacate Sentence Pursuant to Section 2255 (Doc. # 154) is DENIED.

2. Defendant's Motion for Reconsideration (Doc. # 197) is GRANTED.

3. The April 26, 2018 Order Denying the Motion to Withdraw as Counsel (Doc. # 192) is VACATED.

4. The Court GRANTS Defendant's Motion to Withdraw as Attorney (Doc. # 190).

DATED: September 18, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge